**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEAN OSCAR, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:19-1800 |
| v. | : | (JUDGE MANNION) |
| WARDEN, USP-ALLENWOOD, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Jean Oscar ("Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his sentence entered in the United States District Court for the District of Florida. (Doc. 1). Following an order to show cause, (Doc. 15) Respondent filed a response on January 8, 2020. (Doc. 19). A traverse was filed on February 25, 2020. (Doc. 25). Accordingly, the petition is ripe for disposition. For the reasons that follow, the Court will deny the petition.

**I. Background**

On June 12, 2014, a jury found Oscar guilty on two separate counts of being a convicted felon in unlawful possession of firearms, in violation of 18 U.S.C. §§922(g)(1) and 924(e). (Doc. 19-1 at 27, Criminal Docket Sheet for

United States v. Beaulieu, et al., No. 1:13-CR-20561 (S.D. Fla. 10/6/2014) at Doc. 102 (superseding indictment) and Doc. 374 (jury verdict).

On October 6, 2014, Oscar was sentenced by the United States District Court for the Southern District of Florida to 144 months imprisonment. Id. at Doc. 435 (judgment) and Doc. 463 (transcript of sentencing hearing).

On April 6, 2018, Oscar filed a motion to vacate his sentence, pursuant to 28 U.S.C. §2255. See Oscar v. United States, 1:18-cv-21368-RNS (S.D. Fla. 7/31/2018).

On July 31, 2018, the district court denied Oscar's §2255 motion. Id. at Doc. 49. In addition, the district court "enjoined and prohibited [Oscar] from filing any future documents in this case (No. 18-21368-cv-Scola, Southern District of Florida), without first requesting and obtaining leave of Court." Id.

On May 21, 2019, Oscar filed a successive §2255 habeas motion raising similar issues and adding a Sixth Amendment challenge. See Oscar v. United States, 1:19-cv-22072-RNS (S.D. Fla. 7/31/2019). On July 30, 2019, Petitioner filed a motion to withdraw his §2255 motion. Id.

By Order dated July 31, 2019, Petitioner's motion to withdraw was granted, and the case was closed. Id.

On October 18, 2019, Petitioner filed the instant action. (Doc. 1, petition). Citing the Supreme Court's decision in Rehaif v. United States, ---

U.S. ---, 139 S. Ct. 2191 (2019), Oscar appears to contend the prosecution did not prove that he knowingly violated 18 U.S.C. §922(g)(1). (Doc. 2, Memorandum of Law).

## II. Discussion

### A. Jurisdiction

Petitioner seeks to dismiss his conviction and sentence for felon in possession of a firearm pursuant to 18 U.S.C. §922(g)(1), based on Rehaif v. United States, —— U.S. ——, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019). Rehaif, held that "in a prosecution under 18 U.S.C. §922(g) and §924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. Petitioner contends that he is "wrongfully convicted by an absent 'knowingly' or 'mens rea' element that was omit in his §922(g)(i) in violation of petitioner right to due process because of the corruption in justice system against his 'will' by them acting like a 'control freak' for not submitting the element in his case – taking advantage of a poor man name Jean Oscar that have a low IQ" and "is diagnose with anti-social disorder, anti-depression disorder and anti-personality disorder is truly innocent and was wrongfully convicted." (Doc. 2

at 6).

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. §2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner files the instant §2241 petition seeking to challenge the legality of his conviction and sentence. A petitioner may only resort to a §2241 petition in the unusual situation where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on §2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.).

"Our Circuit permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-

- 4 -

criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under §2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial §2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

In Dorsainvil, the petitioner had already filed an unsuccessful §2255 motion when the Supreme Court "interpreted his statute of conviction in Bailey v. United States, 516 U.S. 137 (1995), in a way that rendered [Dorsainvil's] conduct non-criminal." See Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018). Dorsainvil could not seek permission to file a second §2255 motion because "successive §2255 motions based on

- 5 -

new law must be based on new rules of constitutional law and <u>Bailey</u> involved statutory construction rather than constitutional law." <u>See</u> <u>id</u>. at 702-03 (citing <u>Dorsainvil, 119 F.3d at 247-48</u>). Dorsainvil "also had no prior opportunity to raise his challenge in an initial §2255 motion because <u>Bailey</u> was decided after his §2255 proceeding was complete." <u>See</u> <u>id</u>. at 703 (citing <u>Dorsainvil, 119 F.3d at 246, 251</u>). Thus, the Third Circuit concluded that Dorsainvil could proceed under §2241 because, in that "unique circumstance," §2255 was inadequate and ineffective. <u>See</u> <u>Dorsainvil, 119 F.3d at 251</u>.

Here, the Court concludes that Petitioner's situation is similar to <u>Dorsainvil</u>. Oscar's initial §2255 motion was denied on July 31, 2018, prior to Supreme Court's June 21, 2019 decision in <u>Rehaif</u>. On May 21, 2019, Oscar voluntarily withdrew his §2255 motion, which the Court noted was his third time seeking relief from the sentencing court. <u>See</u> <u>Oscar v. United States</u>, 1:19-cv-22072-RNS (S.D. Fla. 7/31/2019). Thus, Petitioner would now need to seek permission from the United States Court of Appeals for the Eleventh Circuit to file a successive §2255 petition. However, because <u>Rehaif</u> addressed a question of statutory construction, rather than a new rule of constitutional law, Petitioner could not seek permission to file a second §2255 motion. <u>See</u> <u>Dorsainvil, 119 F.3d at 246, 251</u>. Accordingly, the Court will permit Petitioner to proceed in his §2241 petition.

## B. Merits

The Court must consider whether Petitioner was convicted of conduct—being a felon in possession of a firearm—that is no longer a crime in light of Rehaif. Actual innocence claims "under §2241 are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 184 (3d Cir. 2017). Thus, Petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998). Actual innocence, however, refers to "factual innocence, not mere legal insufficiency." Id. at 623-24. A habeas court, therefore, must "make its determination in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (citation omitted).

After Rehaif, the Government must now prove that a defendant charged with violating 18 U.S.C. §922 both "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200. Rehaif, however, "did

- 7 -

not graft onto §922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019). Rather, under Rehaif, the government must prove that the defendant knew, at the time he possessed the firearm, that he had one of the statuses described in Section 922(g), such as a prior felony conviction. Rehaif, 139 S. Ct. at 2200.

Here, the Court need not look any further than the sentencing court's most recent Order denying Oscar's motion to reduce sentence pursuant to 18 U.S.C. §3582, to establish Oscar was more than aware that he had been convicted of prior felonies. See United States v. Beaulieu, et al., No. 1:13-CR-20561. By Order dated April 13, 2018, the Court denied Petitioner's motion to reduce sentence, finding the following:

> The Defendant was convicted after a jury trial of two counts of possession of a firearm by a convicted felon and sentenced to 144 months in the custody of the Bureau of Prisons. In United States v. Clarke, 822 F.3d 1213 (11th Cir. 2016), the 11th Circuit held that a prior conviction in the State of Florida for which adjudication was withheld does not count as a prior conviction for the crime of possession of a firearm by a convicted penalty. The Defendant claims the Government relied upon a prior Florida felony case of the Defendant in which adjudication was withheld to establish he was a convicted felon in this case. But, the Government listed as trial exhibits records of five other separate felony cases from Florida in which the Defendant was adjudicated guilty of a felony. And, to avoid having the jury learn about the number of his convictions or the substance of his

convictions, the Defendant agreed to allow the agent to testify simply that he was a convicted felon at the time of his possession of the firearms in this case. Thus, Clarke has no application to this case.

Id. at Doc. 582.

Thus, it is clear from the sentencing court's order that the Government has more than met the burden of proving that Petitioner knew, at the time he possessed the firearm, that he had one of the statuses described in Section 922(g), such as a prior felony conviction. Because Rehaif does not require more, his petition fails to state any viable claim for relief." Webster v. Streeval, Civil No. 0:19-111-HRW, 2019 WL 5848060, at *3 (E.D. Ken. Nov. 7, 2019) (dismissing Section 2241 petition where the petitioner argued that he did not know he could not possess a firearm as opposed to arguing that he did not know that he was convicted of numerous felonies). See also, Alexander v. Entzel, No. 1:19-cv-1301, 2020 WL 1068060, at *2-3 (C.D. Ill. Mar. 5, 2020) (denying Rehaif claim raised in §2241 petition because petitioner had stipulated at trial that he was a felon and, therefore, the prosecution showed that petitioner had that knowledge); Maxie v. Warden, No. 6:19-cv-300-JMH, 2020 WL 86207, at *1-3 (E.D. Ky. Jan. 7, 2020) (concluding same); Benson v. Marske, No. 19-cv-644-bbc, 2019 WL 6683508, at *1-2 (W.D. Wisc. Dec. 6, 2019) (concluding same). Contrary to Petitioner's belief, the Government was not required to prove that Petitioner

"specifically knew that he was prohibited from possessing firearms." Maxie, 2020 WL 86207, at *2 (citing Bowens, 938 F.3d at 797).

From the foregoing, the Court concludes that Petitioner has not demonstrated that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Accordingly, he is not entitled to relief under Rehaif, and his §2241 petition will be denied.

## III. Conclusion

For the foregoing reasons, Oscar's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be denied. Additionally, in light of the Court's decision herein, Oscar's subsequent motions for release and injunctive relief, based on the above petition for writ of habeas corpus will be dismissed as moot. A separate Order shall issue.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 6, 2020**
19-1800-01