**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEAN OSCAR,** | : |
| **Petitioner** | :   **CIVIL ACTION NO. 3:19-1800** |
| **v.** | :        **(JUDGE MANNION)** |
| **WARDEN, USP-ALLENWOOD,** | : |
| **Respondent** | : |

**MEMORANDUM**

**I.    Background**

Petitioner, Jean Oscar ("Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his sentence entered in the United States District Court for the District of Florida. (Doc. 1). Following an order to show cause, (Doc. 15) Respondent filed a response on January 8, 2020. (Doc. 19). A traverse was filed on February 25, 2020. (Doc. 25).

By Memorandum and Order dated May 6, 2020, this Court denied Oscar's petition for writ of habeas corpus. (Docs. 33, 34). Presently before the Court is Oscar's motion for reconsideration of this Court's May 6, 2020 Memorandum and Order, closing the above captioned action, as well as Oscar's motions to reopen, motion for permanent injunction, motion for

production of documents, motion of addendum and second motion for addendum. For the reasons that follow, the Court will deny all of the Petitioner's motions.

## II.   **Discussion**

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension."

Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order, reveal that Oscar's petition was denied as follows:

> The Court must consider whether Petitioner was convicted of conduct—being a felon in possession of a firearm—that is no longer a crime in light of Rehaif. Actual innocence claims "under §2241 are to be initially tested against the more relaxed (but still

stringent) actual innocence gateway standard." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 184 (3d Cir. 2017). Thus, Petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998). Actual innocence, however, refers to "factual innocence, not mere legal insufficiency." Id. at 623-24. A habeas court, therefore, must "make its determination in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (citation omitted).

After Rehaif, the Government must now prove that a defendant charged with violating 18 U.S.C. §922 both "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200. Rehaif, however, "did not graft onto §922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019). Rather, under Rehaif, the government must prove that the defendant knew, at the time he possessed the firearm, that he had one of the statuses described in Section 922(g), such as a prior felony conviction. Rehaif, 139 S. Ct. at 2200.

Here, the Court need not look any further than the sentencing court's most recent Order denying Oscar's motion to reduce sentence pursuant to 18 U.S.C. §3582, to establish Oscar was more than aware that he had been convicted of prior felonies. See United States v. Beaulieu, et al., No. 1:13-CR-20561. By Order dated April 13, 2018, the Court denied Petitioner's motion to reduce sentence, finding the following:

> The Defendant was convicted after a jury trial of two counts of possession of a firearm by a convicted felon and sentenced to 144 months in the custody of the Bureau of Prisons. In United States v. Clarke, 822

F.3d 1213 (11th Cir. 2016), the 11th Circuit held that a prior conviction in the State of Florida for which adjudication was withheld does not count as a prior conviction for the crime of possession of a firearm by a convicted penalty. The Defendant claims the Government relied upon a prior Florida felony case of the Defendant in which adjudication was withheld to establish he was a convicted felon in this case. But, the Government listed as trial exhibits records of five other separate felony cases from Florida in which the Defendant was adjudicated guilty of a felony. And, to avoid having the jury learn about the number of his convictions or the substance of his convictions, the Defendant agreed to allow the agent to testify simply that he was a convicted felon at the time of his possession of the firearms in this case. Thus, Clarke has no application to this case.

Id. at Doc. 582.

Thus, it is clear from the sentencing court's order that the Government has more than met the burden of proving that Petitioner knew, at the time he possessed the firearm, that he had one of the statuses described in Section 922(g), such as a prior felony conviction. Because Rehaif does not require more, his petition fails to state any viable claim for relief." Webster v. Streeval, Civil No. 0:19-111-HRW, 2019 WL 5848060, at *3 (E.D. Ken. Nov. 7, 2019) (dismissing Section 2241 petition where the petitioner argued that he did not know he could not possess a firearm as opposed to arguing that he did not know that he was convicted of numerous felonies). See also, Alexander v. Entzel, No. 1:19-cv-1301, 2020 WL 1068060, at *2-3 (C.D. Ill. Mar. 5, 2020) (denying Rehaif claim raised in §2241 petition because petitioner had stipulated at trial that he was a felon and, therefore, the prosecution showed that petitioner had that knowledge); Maxie v. Warden, No. 6:19-cv-300-JMH, 2020 WL 86207, at *1-3 (E.D. Ky. Jan. 7, 2020) (concluding same); Benson v. Marske, No. 19-cv-644-bbc, 2019 WL 6683508, at *1-2 (W.D. Wisc. Dec. 6, 2019) (concluding same). Contrary to Petitioner's belief, the Government was not required to prove that

Petitioner "specifically knew that he was prohibited from possessing firearms." Maxie, 2020 WL 86207, at *2 (citing Bowens, 938 F.3d at 797).

From the foregoing, the Court concludes that Petitioner has not demonstrated that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Accordingly, he is not entitled to relief under Rehaif, and his §2241 petition will be denied.

(Doc. 33 at 7-10).

Petitioner's motion fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Petitioner's motion for reconsideration and various other motions to reopen and vacate this Court's May 6, 2020 Memorandum and Order, seek to reassert the same arguments set forth in Oscar's petition for writ of habeas corpus, namely that he was never advised that he possessed prior felonies, and that the government failed to prove that he knew that he had been convicted of prior felonies, at the time he possessed the firearm. This Court, however, has already established that the sentencing court's order makes it clear that the Government has more than met the burden of proving that Petitioner knew, at the time he possessed the firearm, that he had one of the statuses described in Section 922(g), such as a prior felony

conviction. (See Doc. 33 at 7-10). Consequently, the Rehaif decision has no impact on Oscar's conviction or sentence. Id.

Accordingly, this Court finds that its Memorandum and Order of May 6, 2020, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied. A separate Order shall issue.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 24, 2020**
19-1800-02